Alan A. Ahdoot, Esq. (State Bar No. 238594)
Christopher B. Adamson, Esq. (State Bar No. 238500)
Federico C. Sayre, Esq. (State Bar No. 67420)
**ADAMSON AHDOOT LLP**
1150 S. Robertson Blvd.
Los Angeles, California 90035
T: (310) 888-0024
F: (888) 895-4665
E: alan@aa-llp.com
E: christopher@aa-llp.com
E: federico@aa-llp.com

Attorneys for Plaintiffs
JEANNE RODRIGUEZ,
KAYLA FERRER

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE RODRIGUEZ, KAYLA FERRER, and THE ESTATE OF JIMMY RAY ROBERT FERRER, by and through its successor in interest, JEANNE RODRIGUEZ, | Case No.: |
| | **COMPLAINT FOR DAMAGES FOR:** |
| Plaintiffs, | 1. **NEGLIGENCE – WRONGFUL DEATH ACTION;** |
| vs. | 2. **NEGLIGENCE – SURVIVAL ACTION;** |
| COUNTY OF SAN BERNARDINO, a public entity, UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS, individuals, and DOES 1 through 50, inclusive, | 3. **VIOLATION OF TITLE 42 § 1983, 1988;** |
| | 4. **VIOLATION OF CALIFORNIA CIVIL CODE §51.7 "THE RALPH ACT"** |
| Defendants. | |
| | **PLAINTIFFS REQUESTS TRIAL BY JURY** |
| | **DEMAND IS ABOVE $75,000.00** |

**JURISDICTION**

1.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 (federal question) and § 1343(3) (civil rights). The state law claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

**VENUE**

2.    Plaintiffs' claims herein arise out of an incident involving unnamed Deputy Sheriffs of the County of San Bernardino, which incident occurred in the County of San Bernardino in the State of California and within this judicial district.

**PARTIES**

3.    Plaintiffs, JEANNE RODRIGUEZ, KAYLA FERRER, and THE ESTATE OF JIMMY RAY ROBERT FERRER, by and through its successor in interest, JEANNE RODRIGUEZ.

4.    Defendants COUNTY OF SAN BERNARDINO, a public entity, UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS, individuals

**STATEMENT OF FACTS**

5.    The claims set forth herein arise from the death of JIMMY RAY ROBERT FERRER, (hereinafter "DECEDENT") which occurred on August 17, 2020 at approximately 1:00 am, in San Bernardino County within the Central District of the Federal District Court, State of California, (hereinafter referred to as the "SUBJECT INCIDENT").

6.    At all times mentioned herein, PLAINTIFFS were, and are, residing in the County of San Bernardino, California. PLAINTIFFS bring this lawsuit as the successor in interest and survivor of JIMMY RAY ROBERT FERRER, deceased, under Code of Civil Procedure 377.30.

7.    DECEDENT'S death occurred on August 17, 2020 after DECEDENT was confronted by DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS during which time the DECEDENT was unnecessarily and unlawfully    shot    multiple    times    by    DEFENDANTS    UNNAMED    SAN

BERNARDINO COUNTY DEPUTY SHEERIFFS causing his death while on East Mair, in the City of Barstow, California, San Bernardino County within the San Bernardino Superior Court judicial district, and therefore the proper Court in which to bring this action, pursuant to 28 U.S.C. Sec 1391(b); 42 U.S.D. Sec 2000(e) - 5(4)(3).

8.    DEFENDANT COUNTY OF SAN BERNARDINO at all times herein relevant, is a public entity duly organized and existing under and by virtue of laws of the State of California and authorized to do and is doing business in the State of California.

9.    PLAINTIFFS are informed, believe, and thereon allege, that each of the DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS are a member of the San Bernardino County Sheriff Department who were involved in the shooting and wrongful death of JIMMY RAY ROBERT FERRER.

10.    PLAINTIFFS are informed, believes, and thereon allege, that DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS are the Sheriffs of San Bernardino County who have a statutory duty and is statutorily liable for injury caused by their acts or omissions to the same extent as a private person would be, as provided by Government Code Section 820(a).

11.    PLAINTIFFS are informed, believe, and thereon allege, that DEFENDANTS and/or DOES 1-50, and each of them, have a statutory duty and are statutorily liable for injury caused by their act or omission to the same extent as a private person would be, as provided by Government Code Section 820(a).

12.    The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1-50, inclusive, are unknown to PLAINTIFFS, who therefore sue said DEFENDANTS by such fictitious names. The full extent of the facts linking such fictitiously sued DEFENDANTS are unknown to PLAINTIFFS. PLAINTIFFS are informed, believe, and thereon allege that each

of the DEFENDANTS designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the described injuries and damages to DECEDENT. PLAINTIFFS will seek leave of the Court to amend this Complaint to show the DEFENDANTS' true names and capacities after the same have been ascertained.

13.    PLAINTIFFS are informed, believe, and thereon allege that at all times relevant and mentioned herein, DEFENDANTS and/or DOES 1-50, and each of them, were the agents, servants, employees, and/or successors in interest, and/or joint venturers of their co-defendants, and each of them was acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring, retention, training and supervision of each and every other defendant as an agent, employee and/or joint venturer. Further, that each said defendant, while acting as a principal, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by their co-defendants, as alleged. PLAINTIFF is informed, believes, and thereon alleges that said fictitiously named DEFENDANTS and/or DOES 1-50, and each of them, engaged in the same or similar conduct as DEFENDANTS and/or DOES 1-50, thereby proximately causing DECEDENT'S fatal injuries and damages as set forth herein, either through the said fictitious DEFENDANTS' own negligent conduct or through the conduct of agents, servants, or employees of DEFENDANT COUNTY OF SAN BERNARDINO.

14.    PLAINTIFFS are informed and believe, and thereon allege, that pursuant to California Government Code §§ 815.2, 815.4, and 820(a), DEFENDANTS and/or DOES 1-50, and each of them, are vicariously liable for the action and omissions of their employees, agents, and/or independent contractors.

15.    On August 17, 2020, the DECEDENT, JIMMY RAY ROBERT FERRER., was confronted by DEFENDANTS UNNAMED SAN BERNARDINO

COUNTY DEPUTY SHERIFFS during which time the DECEDENT was unnecessarily and unlawfully shot multiple times causing the death of the DECEDENT. It is unknown why lethal force was used by DEFENDANTS SAN BERNARDINO COUNTY DEPUTY SHERIFFS on DECEDENT, JIMMY RAY ROBERT FERRER.

16.    At said time and place, DEFENDANTS and/or DOES 1-50, and each of them, had a duty to exercise reasonable care in the apprehension and detention of DECEDENT JIMMY RAY ROBERT FERRER.    Despite these duties, DEFENDANTS, and/or DOES 1-50, and each of them, negligently, recklessly, and carelessly managed, maintained, operated, controlled, and supervised the apprehension of JIMMY RAY ROBERT FERRER, so as to directly and proximately cause the death of the DECEDENT JIMMY RAY ROBERT FERRER, and PLAINTIFFS damages alleged herein.

17.    PLAINTIFFS are informed, believe, and thereon allege, that at all times herein relevant, DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS were employed by DEFENDANTS and/or DOES 1-50, and was, at all times herein relevant, acting within the scope of their duties for DEFENDANTS.    PLAINTIFFS are informed, believe, and thereon allege, that DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHEIRIFFS failed in their duty to apprehend DECEDENT safely without using unjustifiable lethal force.

18.    As a result of the SUBJECT INCIDENT, DECEDENT suffered severe, traumatic, debilitating, and ultimately fatal injuries that necessitated significant medical care and resulted in his death.

19.    On or about January 15, 2021, prior to the filing of this Complaint, and pursuant to the provisions of Government Code section 910, et seq., PLAINTIFFS timely, properly, and duly submitted to DEFENDANT COUNTY OF SAN BERNARDINO a claim for the injuries and damages set forth herein on account of

the events described herein. Attached as Exhibit "A" is a true and correct copy of PLAINTIFFS' claim form. On March 1, 2021, DEFENDANT COUNTY OF SAN BERNARDINO sent correspondence rejecting PLAINTIFFS' claim. Attached as Exhibit "B" is a true and correct copy of DEFENDANT COUNTY OF SAN BERNARDINO'S correspondence.

## FIRST CAUSE OF ACTION
## NEGLIGENCE – WRONGFUL DEATH

(By PLAINTIFFS against DEFENDANTS and/or DOES 1-50)

20.    PLAINTIFFS re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

21.    PLAINTIFFS are informed and believe and thereon allege that at all times herein mentioned, DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS were employees and/or agents acting within the scope of that agency or employment or servility of DEFENDANTS and/or DOES 1-50.

22.    PLAINTIFFS are informed and believe, and thereon allege, that on and prior to August 17, 2020, DEFENDANTS and/or DOES 1-50, and each of them, owed a duty of reasonable care to DECEDENT, and DEFENDANTS and/or DOES 1-50, breached that duty when they failed to act in an adequate and reasonable manner.

23.    PLAINTIFFS are informed, believe, and thereon allege that, at all times relevant and mentioned herein, DEFENDANTS and/or DOES 1-50, and each of them, owed a duty of care to all reasonably foreseeable people, including DECEDENT, to apprehend DECEDENT without unjustifiable lethal force.

24.    PLAINTIFFS are informed, believe, and thereon allege that, at all times relevant and mentioned herein, DEFENDANTS and/or DOES 1-50, and each of them, carelessly and negligently managed, the apprehension of DECEDENT, so as

1   to legally, directly, and proximately cause the SUBJECT INCIDENT.

2       25.    PLAINTIFFS are informed, believe, and thereon allege that
3   DEFENDANTS and/or DOES 1-50, and each of them, breached their duty to control
4   and apprehend DECEDENT, thereby causing DECEDENT'S death and damages to
5   PLAINTIFFFS.

6       26.    PLAINTIFFS are informed, believe, and thereon allege, that
7   DEFENDANTS and/or DOES 1-50, and each of them, were agents, servants,
8   employees, successors in interest, and/or joint venturers of their co-defendants, and
9   were, as such, acting within the course, scope, and authority of said agency,
10  employment and/or venture, and that each and every defendant, as aforesaid, when
11  acting as a principal, was negligent in the selection of each and every other defendant
12  as an agent, servant, employee, successor in interest, and/or joint venturer.

13      27.    PLAINTIFFS are informed, believe, and thereon allege, that at all times
14  mentioned herein, DEFENDANTS and/or DOES 1-50, and each of them, carelessly
15  and negligently managed, controlled, and apprehended DECEDENT with
16  unjustifiable lethal force so as to legally and proximately causing DECEDENT'S
17  untimely death and damages to PLAINTIFFS.

18      28.    More specifically, PLAINTIFFS are informed, believe, and thereon
19  alleges that, at all times relevant and mentioned herein, DEFENDANTS
20  UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS carelessly and
21  negligently apprehended DECEDENT with unjustifiable lethal force.

22      29.    As a legal, direct, and proximate result of the aforementioned conduct
23  of the DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered
24  severe, traumatic, irreparable injuries to his body, nervous system, and person, all of
25  which said injuries ultimately caused DECEDENT'S death on August 17, 2020.

26      30.    As a legal, direct, and proximate result of the aforementioned conduct
27  of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF JEANNE
28  RODRIGUEZ lost the life of her son and sustained damages in an amount that will

be stated according to proof.

31. As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF KAYLA FERRER lost the life of her father and sustained damages in an amount that will be stated according to proof.

32. As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFFS have sustained and are entitled to recover damages pursuant to California Code of Civil Procedure Section 377.60 et seq. and based upon all other applicable statutes and case law, including but not limited to pecuniary losses, losses of support, services, parental and filial training, education, love, assistance, protection, care, comfort, society, solace, moral support, guidance, prospective inheritance, emotional distress, grief, and sorrow.

33. PLAINTIFFS have been deprived of, among many others, (1) the value of lost financial and other support that DECEDENT would have contributed to his family and estate during his lifetime, (2) the value of the gifts and benefits that he would have bestowed upon PLAINTIFFS and that PLAINTIFFS reasonably expected to receive from him, (3) the value of funeral and burial expenses, and (4) the reasonable value of household services that DECEDENT would have provided.

## SECOND CAUSE OF ACTION
## NEGLIGENCE – SURVIVAL ACTION

(By PLAINTIFFS against DEFENDANTS and/or DOES 1-50)

34. PLAINTIFFS re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

35. As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT was required to and did employ physicians and surgeons for medical examinations,

treatment, and care of his injuries and did incur medical and incidental expenses in an amount to be ascertained.

36.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT was unable to attend to his usual occupation and has been damaged in a sum to be determined.

37.   As a result of the foregoing, PLAINTIFFS, as the heirs of DECEDENT and as his successors in interest, hereby assert a survivors' claims on behalf of him, the deceased, pursuant to California Code of Civil Procedure Sections 377.10, 377.20, 377.30, et seq., and based upon all other applicable statutes and case law and succeed to causes of action that might have been brought by DECEDENT. PLAINTIFFS will file a declaration under penalty of perjury as required by Code of Civil Procedure Section 377.32 concurrently herewith this Complaint.

38.   As such, PLAINTIFFS are entitled to compensation for DECEDENT'S medical expenses, loss of earnings and earning capacity.

## THIRD CAUSE OF ACTION
## VIOLATION OF TITLE 42 § 1983

(By PLAINTIFFS against DEFENDANTS and/or DOES 1-50)

39.   PLAINTIFFS re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

40.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF JEANNE RODRIGUEZ of her right to a relationship with her son.

41.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as

afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF KAYLA FERRER of her right to a relationship with her father.

42.    DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF JEANNE RODRIGUEZ of her rights to have a relationship with her son.

43.    DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF KAYLA FERRER of her rights to have a relationship with her father.

44.    While engaged in the aforementioned conduct, DEFENDANTS and/or DOES 1-50, and each of them, were acting under the color of law of a statute, ordinance, regulation, custom, or practice that regulates or governs DEFENDANTS and their employees.

45.    As employers and supervisors, DEFENDANTS owed DECEDENT a duty to manage, supervise, review, investigate and monitor DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS' conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of their duties for DEFENDANTS.

46.    DEFENDANTS and/or DOES 1-50, and each of them, breached their duty of care owed to DECEDENT by failing to manage, supervise, review, investigate and monitor DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHEIRIFFS' field conduct, behavior, activities, and psychological profile. DEFENDANTS failings were in direct violation of DECEDENTS' substantive rights under the United States Constitution.

47.    DEFENDANTS' breach resulted in a direct violation of DECEDENTS' constitutional rights to be free from fear of bodily harm, assault, and

mental and emotional distress.

48.    DEFENDANTS failings amounted to a deliberate indifference to DECEDENTS' Constitutional rights because DEFENDANTS had actual or constructive notice that its failures were substantially certain to result in a violation of DECEDENTS' constitutional rights, but it consciously and deliberately choose to disregard the substantial risk of harm.

49.    PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS failure to manage, supervise, review, investigate and monitor DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS' field conduct, behavior, activities, and psychological profiles were not limited to DEFENDANTS UNNAMED SAN BERNARDINO COUNTY SHERIFFS' violations of DECEDENTS' constitutional rights under the Fourteenth Amendment. Rather, PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS and/or DOES 1-50, and each of them, had a long-standing custom or practice of consistently and repeatedly failing to manage, supervise, review, investigate and monitor DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS' field conduct, behavior, activities, and psychological profile with public citizens.

50.    As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, DECEDENT sustained severe physical injuries, which resulted in his death.

51.    As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF JEANNE RODRIGUEZ suffered a violation of her civil rights in having a relationship with her son.

52.    As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF KAYLA FERRER suffered a violation of her civil rights in having a relationship with her

father.

53.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF JEANNE RODRIGUEZ lost the life of her son and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

54.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF KAYLA FERRER lost the life of her father and sustained damages in an amount that will be stated according to proof.

55.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFFS have sustained and are entitled to recover damages pursuant to California Code of Civil Procedure Section 377.60 et seq. and based upon all other applicable statutes and case law, including but not limited to pecuniary losses, losses of support, services, parental and filial training, education, love, assistance, protection, care, comfort, society, solace, moral support, guidance, prospective inheritance, emotional distress, grief, and sorrow.

56.   PLAINTIFFS have been deprived of, among many others, (1) the value of lost financial and other support that DECEDENT would have contributed to his family and estate during his lifetime, (2) the value of the gifts and benefits that he would have bestowed upon her and that they reasonably expected to receive from him, (3) the value of funeral and burial expenses, and (4) the reasonable value of household services that DECEDENT would have provided.

57.   PLAINTIFFS are entitled to an award of attorney's fees, costs, and expenses under 42 U.S.C. § 1988, due to DEFENDANT officers and employees named as DOES violations of DECEDENT and PLAINTIFFS' civil rights.

58.   PLAINTIFFS are informed and believe, and thereon allege,

DEFENDANTS and/or DOES 1-50, and each of them, engaged in said conduct with a conscious disregard of the dangers such conduct would and did create for the rights and safety of DECEDENT. PLAINTIFFS are further informed and believes, and thereon alleges that DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS' who were employed, managed, supervised, trained, retained, and contracted by DEFENDANTS and/or DOES 1-50, acted with malice in that they engaged in despicable conduct and in conscious disregard of the rights, safety, and welfare of DECEDENT. Said conduct of DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS was oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of DECEDENT, and as such, warrants imposition of punitive damages against DEFENDANTS.

59.    As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF JEANNE RODRIGUEZ may recover:

    a. Violation of DECEDENT'S constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from unreasonable injury and death of his person, and the deprivation of life and liberty;

    b. Loss of the life of her son, JIMMY RAY ROBERT FERRER, including the value of his life to himself; and

    c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

60.    As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF KAYLA FERRER may recover:

    a. Violation of DECEDENT'S constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from

unreasonable injury and death of his person, and the deprivation of life and liberty;

b. Loss of the life of her father, JIMMY RAY ROBERT FERRER, including the value of his life to himself; and

c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

61.  As a direct and proximate result of the actions of DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF JEANNE RODRIGUEZ suffered the following injuries, including but not limited to:

a. Loss of love, aide, comfort, and society due to the death of her son, DECEDENT; and

b. Loss of economic support from her son, DECEDENT.

62.  As a direct and proximate result of the actions of DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF KAYLA FERRER suffered the following injuries, including but not limited to:

a. Loss of love, aide, comfort, and society due to the death of her father, DECEDENT; and

b. Loss of economic support from her father, DECEDENT.

63.  The conduct of DEFENDANT'S officers and employees, names as DOES 1 through 50, was reckless and they acted with callous indifference to the federally protected rights of DECEDENT and PLAINTIFFS'. DEFENDANTS, its officers, and employees, and DOES 1 through 50, and each of them, engaged in despicable conduct by deliberate indifference and were malicious in their reckless and conscious disregard for the rights and individual safety of DECEDENT and PLAINTIFFS.

64.  PLAINTIFFS are entitled to punitive damages in accord with statutorily permitted limits to punish and make an example of the individual DEFENDANT officers and employees.

65.     PLAINTIFFS are entitled to an award of attorneys' fees, costs, and expense under 42 U.S.C. section1988 due to DEFENDANTS' officer's and employee's, named as DOES 1 through 50, violations of DECEDENT'S and PLAINTIFFS' Civil Rights.

### FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CIVIL CODE § 51.7 "THE RALPH ACT"

### (By PLAINTIFFS against DEFENDANTS and/or DOES 1-50)

66.     PLAINTIFFS re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

67.     At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF JEANNE RODRIGUEZ of her right to a relationship with her son.

68.     At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF KAYLA FERRER of her right to a relationship with her father.

69.     DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his right there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF JEANNE RODRIGUEZ of her rights to have a relationship with her son.

70.     DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF

KAYLA FERRER of her rights to have a relationship with her father.

71.    While engaged in the aforementioned conduct, DEFENDANTS and/or DOES 1-50, and each of them, were acting under the color of law of a statute, ordinance, regulation, custom, or practice that regulates or governs DEFENDANTS and their employees who were engaging in acts of violence because of DECEDENT'S race and national origin.

72.    As employers and supervisors, DEFENDANTS owed DECEDENT a duty to manage, supervise, review, investigate and monitor DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS' conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of his duties for DEFENDANTS and engaging in violent acts because of DECEDENT'S race and national origin.

73.    DEFENDANTS and/or DOES 1-50, and each of them, breached their duty of care owed to DECEDENT by failing to manage, supervise, review, investigate and monitor DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS' field conduct, behavior, activities, and psychological profile. DEFENDANTS failings were in direct violation of DECEDENTS' substantive rights under the California Constitution.

74.    DEFENDANTS' breach resulted in a direct violation of DECEDENTS' constitutional rights to be free from fear of bodily harm, assault, and mental and emotional distress, and free from violent acts because of his race and national origin.

75.    DEFENDANTS failings amounted to a deliberate indifference to DECEDENTS' Constitutional rights because DEFENDANTS had actual or constructive notice that its failures were substantially certain to result in a violation of DECEDENTS' constitutional rights, but they consciously and deliberately chose to disregard the substantial risk of harm.

76.    PLAINTIFFS are informed and believe, and on such information and

belief allege that DEFENDANTS failure to manage, supervise, review, investigate and monitor DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS' field conduct, behavior, activities, and psychological profiles were not limited to DEFENDANT UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS' violations of DECEDENTS' constitutional rights under California Civil Code Section 51.7 "The Ralph Act" and the California Constitution. Rather, PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS and/or DOES 1-50, and each of them, had a long-standing custom or practice of consistently and repeatedly failing to manage, supervise, review, investigate and monitor DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS' field conduct, behavior, activities, and psychological profile with public citizens.

77.    As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, DECEDENT sustained severe physical injuries, which resulted in his death.

78.    As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF JEANNE RODRIGEUZ suffered a violation of her civil rights in having a relationship with her son.

79.    As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF KAYLA FERRER suffered a violation of her civil rights in having a relationship with her father.

80.    As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF JEANNE RODRIGUEZ lost the life of her son and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

81.    As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF KAYLA FERRER lost the life of her father and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

82.    As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF has sustained and is entitled to recover damages pursuant to California Civil Code Section 51.7, and based upon all other applicable statutes and case law, including but not limited to pecuniary losses, losses of support, services, parental and filial training, education, love, assistance, protection, care, comfort, society, solace, moral support, guidance, prospective inheritance, emotional distress, grief, and sorrow.

83.    PLAINTIFFS have been deprived of, among many others, (1) the value of lost financial and other support that DECEDENT would have contributed to his family and estate during his lifetime, (2) the value of the gifts and benefits that he would have bestowed upon her and that they reasonably expected to receive from him, (3) the value of funeral and burial expenses, and (4) the reasonable value of household services that DECEDENT would have provided.

84.    PLAINTIFFS are entitled to an award of attorney's fees, costs, and expenses under California Civil Code Section. § 51.7, et seq., due to DEFENDANT officers and employees named as DOES violations of DECEDENT and PLAINTIFFS' civil rights.

85.    PLAINTIFFS are informed and believe, and thereon allege, DEFENDANTS and/or DOES 1-50, and each of them, engaged in said conduct with a conscious disregard of the dangers such conduct would and did create for the rights and safety of DECEDENT. PLAINTIFFS are further informed and believes, and thereon alleges that DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS' who were employed, managed, supervised, trained, retained,

and contracted by DEFENDANTS and/or DOES 1-50, acted with malice in that they engaged in despicable conduct and in conscious disregard of the rights, safety, and welfare of DECEDENT. Said conduct of DEFENDANTS UNNAMED SAN BERNARDINO COUNTY DEPUTY SHERIFFS were oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of DECEDENT, and as such, warrants imposition of punitive damages against DEFENDANTS.

86. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF JEANNE RODRIGEUZ may recover:

   a. Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

   b. Loss of the life of her son, JIMMY RAY ROBERT FERRER, including the value of his life to himself; and

   c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

87. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF KAYLA FERRER may recover:

   a. Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

   b. Loss of the life of her father, JIMMY RAY ROBERT FERRER, including the value of his life to himself; and

   c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

88. As a direct and proximate result of the actions of DEFENDANTS

1    and/or DOES 1-50, and each of them, PLAINTIFF JEANNE RODRIGUEZ suffered
2    the following injuries, including but not limited to:

3          a.  Actual damages sufficient to reasonably compensate PLAINTIFF
4              JEANNE RODRIGUEZ.

5          b.  A civil penalty of $25,000.

6          c.  Punitive damages.

7          89.    As a direct and proximate result of the actions of DEFENDANTS
8    and/or DOES 1-50, and each of them, PLAINTIFF KAYLA FERRER suffered the
9    following injuries, including but not limited to:

10         a.  Actual damages sufficient to reasonably compensate PLAINTIFF
11             KAYLA FERRER.

12         b.  A civil penalty of $25,000.

13         c.  Punitive damages.

14         90.    The conduct of DEFENDANT'S officers and employees, names as
15   DOES 1 through 50, was reckless and they acted with callous indifference to the
16   federally protected rights of DECEDENT and PLAINTIFFS'. DEFENDANTS, its
17   officers, and employees, and DOES 1 through 50, and each of them, engaged in
18   despicable conduct by deliberate indifference and were malicious in their reckless
19   and conscious disregard for the civil rights and individual safety of DECEDENT
20   and PLAINTIFFS.

21         91.    PLAINTIFFS are entitled to punitive damages in accord with
22   statutorily permitted limits to punish and make an example of the individual
23   DEFENDANT officers and employees.

24         92.    PLAINTIFFS are entitled to an award of attorneys' fees, costs, and
25   expense under California Civil Code Section 51.7, and 52 et seq., due to
26   DEFENDANTS' officer's and employee's, named as DOES 1 through 50,
27   violations of DECEDENT'S and PLAINTIFFS' Civil Rights.

28

## **PRAYER FOR DAMAGES**

WHEREFORE, PLAINTIFFS as the successor in interest of DECEDENT, hereby prays for judgment against DEFENDANTS and/or DOES 1-50, and each of them, as follows:

1.      General damages for PLAINTIFFS, for conscious physical pain, suffering and emotional trauma during the incident of August 17, 2020, through DECEDENT'S death in an amount according to proof;

2.      The loss of the value of DECEDENT'S life to himself, recoverable by PLAINTIFFS;

3.      For PLAINTIFFS, Loss of love, aid, comfort, and society due to the death of DECEDENT, according to proof;

4.      For PLAINTIFFS, Loss of economic support from DECEDENT in an amount according to proof at the time of trial;

5.      For PLAINTIFFS, Funeral, and burial expenses according to proof;

6.      For PLAINTIFFS, DECEDENT'S medical bills incurred attempting to save his life;

7.      Punitive damages to punish and make an example of the DOE officers and employees, in an amount according to proof at the time of trial;

8.      For other general damages in an amount according to proof at trial;

9.      For other special damages in an amount according to proof at trial;

10.     For pre-judgment and post-judgment interest;

11.     For legal/attorneys, expenses, and costs under 42 U.S.C. section 1988;

12.     For injunctive relief;

13.     For actual damages;

14.     A civil penalty of $25,000 to all PLAINTIFFS under California Civil Code Section      51.7 and 52, et seq.;

15.     For Punitive damages, and

16.    For such other and further relief as the Court may deem just proper.

Dated: August 16, 2021

ADAMSON AHDOOT LLP

By: /s/ FEDERICO C. SAYRE
FEDERICO C. SAYRE, Esq.
Attorneys for Plaintiffs

## DEMAND FOR TRIAL BY JURY

PLAINTIFFS hereby demand a trial by jury as to all causes of action.

Dated: August 16, 2021                    ADAMSON AHDOOT LLP

By: /s/ FEDERICO C. SAYRE
FEDERICO C. SAYRE, Esq.
Attorneys for Plaintiffs