O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEANNE RODRIGUEZ, KAYLA FERRER, and THE ESTATE OF JIMMY RAY ROBERT FERRER, by and through its successor in interest, JEANNE RODRIGUEZ,

                              Plaintiff,

        v.

COUNTY OF SAN BERNARDINO, a public entity, UNNAMED COUNTY DEPUTY SHERIFFS, individuals, and DOES 1 through 50, inclusive,

                              Defendants.

Case No.: 5:21-cv-01471-MEMF (SHKx)

**ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT [ECF NO. 32]**

    Before the Court is the Motion to Dismiss filed by Defendant County of San Bernardino. ECF No. 32. For the reasons stated herein, the Court GRANTS the Motion. To the extent that Plaintiffs desire to amend their Third Amended Complaint as to any of the claims dismissed with leave to do so, they are ORDERED to do so within thirty (30) days of this Order.

/ / /

/ / /

1

1

## I.  Factual Background[1]

On August 17, 2020, Jimmy Ray Robert Ferrer ("Jimmy Ferrer"), was confronted by San Bernardino County Deputy Sheriffs ("Deputies"). *Id.* ¶ 7. During this encounter, Jimmy Ferrer used a spray device against one or more of the Deputies, but "in no other way presented any danger of lethal force." *Id.* In response, one or more of the Deputies shot Jimmy Ferrer multiple times, causing his death. *Id.* Plaintiff Jeanne Rodriguez ("Rodriguez") is the mother of decedent Jimmy Ferrer. TAC ¶ 41. Plaintiff Kayla Ferrer ("Kayla Ferrer") is the daughter of decedent. *Id.* ¶ 42.

## II.  Procedural History

On August 27, 2021, Rodriguez and Kayla Ferrer (collectively, "Plaintiffs") filed this action against Defendants County of Los Angeles (the "County"), Unnamed Deputies, and Does 1 to 50 (collectively, "Defendants"). *See generally* ECF No. 1. Rodriguez brings this action on behalf of herself; Kayla Ferrer brings this action on behalf of herself and as successor-in-interest to her father. TAC ¶ 6.

On June 8, 2022, Plaintiffs filed an amended complaint. ECF No. 19. On June 23, 2022, Plaintiffs filed a Second Amended Complaint ("SAC") and retroactively obtained the Court's permission to do so on July 25, 2022. ECF Nos. 22 (SAC), 28 (Order Granting Joint Stipulation to File SAC). On August 9, 2022, the parties stipulated to for an extension of time to file a Third Amended Complaint ("TAC"), which the Court granted. ECF Nos. 29 (Stipulation to File TAC); 30 (Order Granting Joint Stipulation to File TAC).

On August 22, 2022, Plaintiffs filed the operative Third Amended Complaint. ECF No. 31. The TAC is brought against the same Defendants and alleges the following causes of action: (1) negligence–wrongful death; (2) negligence–survival action; (3) violation of 42 U.S.C. § 1983; and (4) violation of the Ralph Act, CAL. CIV. CODE § 51.7. *See generally* TAC.

---

[1] Because the Court is presented with a Motion to Dismiss—where generally the Court is required to accept as true the facts alleged in the Complaint—unless otherwise indicated, the following facts are derived from the Third Amended Complaint. ECF No. 31 ("TAC").

On September 6, 2022, the County filed the instant Motion to Dismiss as to all of Plaintiffs' claims.[2] ECF No. 32 ("Motion" or "Mot."). The Motion was fully briefed as of September 22, 2022. *See* ECF No. 36 ("Opposition" or "Opp'n"); ECF No. 37 ("Reply"). On October 3, 2022, the Court deemed this matter appropriate for resolution without oral argument and vacated the hearing set for October 6, 2022. ECF No. 39; see C.D. CAL. L.R. 7-15.

### III.   Applicable Law

#### A.  Standard Governing 12(b)(6) Motions

Under Federal Rule of Civil Procedure Rule 12(b)(6), a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The purpose of Rule 12(b)(6) is to "enable defendants to challenge the legal sufficiency of claims asserted in a complaint." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A district court may properly dismiss a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts to support a cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard generally only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than "threadbare recitals of the elements of a cause of action." *Id.* "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing

---

[2] The Motion to Dismiss is filed solely by the County and only addresses the Plaintiffs' allegations against the County.  Therefore on this motion, this Court does not determine the sufficiency of the allegations against the Deputies except as needed to determine the sufficiency of the allegations against the County.

1  court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958,

2  963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

3      When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded

4  material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824 F.3d at

5  1159; *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("We

6  accept factual allegations in the complaint as true and construe the pleadings in the light most

7  favorable to the nonmoving party."). This tenet, however, is "inapplicable to legal conclusions."

8  *Iqbal*, 556 U.S. at 678.

9          **B.  Section 1983 Liability**

10     As stated above, the Plaintiffs have brought a claim under Section 1983 of Title 42 of the

11 United States Code. Section 1983 creates a cause of action against a "person who, under color of any

12 [state law], subjects, or causes to be subjected, any [person] to the deprivation of any rights,

13 privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983

14 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge

15 actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A plaintiff

16 bringing a claim under Section 1983 must show that "(1) the action occurred 'under color of state

17 law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right."

18 *Id.* (citation omitted).

19     Pursuant to *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978), and its

20 progeny, municipalities can only be sued under Section 1983 in limited circumstances. To establish

21 *Monell* liability under Section 1983, a plaintiff must sufficiently allege that: "(1) [he was] deprived

22 of [his] constitutional rights by defendants and their employees acting under color of state law; (2)

23 the defendants have customs or policies which amount to deliberate indifference to [his]

24 constitutional rights; and (3) these policies are the moving force behind the constitutional

25 violations." *Lee v. City of Los Angeles*, 250 F.3d 668, 681–82 (9th Cir. 2001). The Ninth Circuit

26 applies a two-part test to determine whether Plaintiffs have sufficiently alleged these elements:

27          First, to be entitled to the presumption of truth, allegations in a complaint or
           counterclaim may not simply recite the elements of a cause of action, but must
28         contain sufficient allegations of underlying facts to give fair notice and to enable the

opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

### C. Leave to amend

A district court should generally grant leave to amend freely. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). However, "a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Id.*

## IV.   <u>Discussion</u>

### A. The Court shall consider Plaintiffs' TAC despite their failure to timely serve Defendants.

Pursuant to Federal Rules of Civil Procedure Rule 4(m), a complaint is subject to dismissal without prejudice if it is not served within ninety (90) days. Plaintiffs filed this action on August 27, 2021 and served the County on April 28, 2022, exceeding the designated time period for service.

The Court exercises its discretion to consider Plaintiffs' TAC and the merits of this Motion. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) ("On its face, Rule 4(m) does not tie the hands of the district court after the 120–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120–day period."). "In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.* (internal quotations omitted).

The Court considers that Plaintiffs did eventually complete service and the parties proceeded with litigating the action, even after Plaintiffs' untimely service. Furthermore, the Court finds that the delay in service caused little to no prejudice to Defendants. For these reasons, the Court shall allow the parties to continue litigating this action and shall address the merits of this Motion below.

/ / /

/ / /

1

**B.  The Plaintiffs' First Cause of Action—for negligence—is inadequately pleaded.**

2      Both Plaintiffs bring a claim for negligence–wrongful death against the County. The County

3  seeks to dismiss this claim, arguing that Plaintiffs failed to meet the heightened pleading requirement

4  for state law claims against a public entity. Mot. at 19–20. Specifically, the County argues that

5  Plaintiffs fail to state a specific statutory duty that the County owed Jimmy Ferrer. *Id.* Plaintiffs, in

6  response, do not dispute the heightened pleading requirement and maintain that their claim is

7  adequately pleaded. Opp'n at 11–12.

8      "The elements of the cause of action for wrongful death are the tort (negligence or other

9  wrongful act), the resulting death, and the damages, consisting of the pecuniary loss suffered by the

10 heirs." *Quiroz v. Seventh Ave. Ctr.*, 45 Cal. Rptr. 3d 222, 226 (2006).

11     California Government Code section 815.2 "makes a public entity vicariously liable for its

12 employee's negligent acts or omissions within the scope of employment." *Eastburn v. Reg'l Fire

13 Prot. Auth.*, 80 P.3d 656, 658 (Cal. 2003); *Hoff v. Vacaville Unified Sch. Dist.*, 968 P.2d 522, 526

14 (Cal. 1998). However, "liability of the employer only attaches if and when it is adjudged that the

15 employee was negligent," and, although "public entities always act through individuals, that does not

16 convert a claim for direct negligence into one based on vicarious liability." *Munoz v. City of Union

17 City*, 16 Cal. Rptr. 3d 521, 549–50 (Ct. App. 2004) (disapproved of on other grounds). "Since the

18 enactment of the California Tort Claims Act in 1963 (§ 810 et seq.), a governmental entity can be

19 held vicariously liable when a police officer acting in the course and scope of employment uses

20 excessive force or engages in assaultive conduct." *Mary M. v. City of Los Angeles*, 814 P.2d 1341,

21 1348 (Cal. 1991). For the doctrine of respondeat superior to apply, a plaintiff must prove the

22 Deputies conduct was committed within the scope of employment. *Id.* at 209.

23          1.  *The Court must consider whether Plaintiffs' negligence claim against
               the County survives under a theory of vicarious liability.*

24

25     The Court finds that while the TAC does not explicitly state that the negligence claim against

26 the County is brought under the theory of respondeat superior or vicarious liability, the Court may

27 infer this from the factual allegations themselves. Where the "claims focus on the alleged negligent

28 acts or omissions of [the officers] at the scene," it is clear that a theory of *vicarious* liability is being

pursued against the County. *Munoz*, 120 Cal. App. 4th at 1112 ("Thus, it is clear from respondents' pleading that at least two separate theories of liability were pursued against Union City: one under the doctrine of respondeat superior, or vicarious liability, for [Defendant]'s actions at the scene, and one for direct liability for not having done more to prevent the confrontation from developing, either through the promulgation of clearer police procedures, or by better officer training and supervision."). Here, Plaintiffs' allegations under the first cause of action concern Jimmy Ferrer's interaction with the individual Deputies and not with the policies of the County, thus the Court may infer that they are bringing a claim for vicarious liability. TAC ¶ 7.

> 2. *Plaintiffs have pled sufficiently detailed facts regarding the individual Deputies' conduct under Rule 8*

The County alleges that the TAC is insufficiently specific and therefore fails under Rule 8. To the contrary, the Plaintiffs allege that:

> 7. DECEDENT'S death occurred on August 17, 2020, after DECEDENT was confronted by DEFENDANTS UNKNOWN SAN BERNARDINO COUNTY DEPUTY SHERIFFS during which time PLAINTIFFS are informed and believe and thereon allege, that the DECEDENT used a spray device against one or more of the UNKNOWN DEPUTIES but in no other way presented any danger of lethal force. One, or more, of the UNKNOWN DEPUTIES responded to the use of the spray with lethal force by shooting DECEDENT JIMMY RAY ROBERT FERRER to death. When discovery is obtained from DEFENDANT COUNTY OF SAN BERNARDINO, PLAINTIFFS will be able to more specifically allege the names of the deputy sheriffs who confronted DECEDENT with lethal force and fired the lethal shot that killed DECEDENT JIMMY RAY ROBERT FERRER, exercising excessive and unnecessary force. It is unknown at this time by PLAINTIFFS whether or not the shooting was carried out by one or more than one deputy. This shooting constituted excessive force and was unnecessary and the DECEDENT was unlawfully shot multiple times by DEFENDANTS UNKNOWN SAN BERNARDINO COUNTY DEPUTY SHERIFFS causing his death while on East Mair, in the City of Barstow, California, San Bernardino County . . .

TAC ¶ 7.

These facts are sufficient at the motion to dismiss stage.

> 3. *Plaintiffs have failed to identify the statutory duty owed by the County*

To state a claim for negligence, a plaintiff must show: (1) "a legal duty to use due care", (2) "breach of such legal duty"; and (3) "the breach being a proximate or legal cause of the resulting injury." *Ladd v. Cnty. of San Mateo*, 911 P.2d 496, 498 (Cal. 1996). "Under established law, police officers have a duty to use reasonable care in deciding to use and in fact using deadly force." *Brown*

7

*v. Ransweiler*, 89 Cal. Rptr. 3d 801, 817 (2009) (internal quotations omitted). Although they attempt to articulate a statutory duty in their Opposition, the TAC does not articulate the statutory duty owed by the County. This claim therefore fails on this basis.

> *4.   Plaintiffs have met the heightened requirements under California law*

The County alleges that the Plaintiffs have not alleged what conduct they considered negligent. This argument is related to the matter above. Although the Plaintiffs have pointed to specific conduct by the Deputies, in the absence of a statement of the statutory duty owed, it is not reasonable to infer what conduct by the Deputies is alleged to be negligent.

The Court does not reach the second and second third elements of the wrongful death claim, but notes that in addition to pleading the tort of negligence, Plaintiffs must also plead "the resulting death, and the damages, consisting of the pecuniary loss suffered by the heirs." *See Quiroz*, 45 Cal. Rptr. at 226.

For these reasons, the Court GRANTS the Motion as it relates to the first cause of action against the individual Deputies. If Plaintiffs wish to still pursue this claim, they are advised to address the deficiencies cited above in a Fourth Amended Complaint.

### C. Kayla Ferrer's Second Cause of Action—for negligence—is inadequately pleaded.

Kayla Ferrer brings a second claim for negligence–survival action, on behalf of the estate of Jimmy Ferrer, against all Defendants in the TAC. TAC ¶¶ 34–38. The County argues that this claim "must be dismissed for failure to plead with particularity the [negligence claim] being asserted against it as required in California for claims against governmental entities." Mot. at 19. Kayla Ferrer argues that she has. Opp'n at 11–12.

California Code of Civil Procedure § 377.30 provides: "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." "Thus, unlike a wrongful death action, a survival action is a cause of action that existed while the decedent is alive and survives the decedent." *Adams v. Superior Ct.*, 126 Cal. Rptr. 3d 186, 192 (2011). "A survivor claim is also a statutory cause of

action; however, unlike a wrongful death claim, the survival statutes do not create a cause of action but merely prevent the abatement of the decedent's cause of action and provide for its enforcement by the decedent's personal representative or successor in interest." *San Diego Gas & Elec. Co. v. Superior Ct.*, 53 Cal. Rptr. 3d 722, 728 (2007).

For the reasons stated above, *see supra* section IV.B., the TAC fails to allege the specific statutory duty owed and the conduct alleged to be negligent.

Accordingly, the Court GRANTS the Motion as it relates to the second cause of action. If Kayla Ferrer wishes to still pursue this claim, she is advised to address the deficiencies cited above in a Fourth Amended Complaint.

**D.  Plaintiffs' Third Cause of Action—under Section 1983—is inadequately pleaded.**

i.  Rodriguez and Kayla Ferrer are proper plaintiffs under Section 1983.

Defendants argue that Rodriguez and Kayla Ferrer are not proper plaintiffs under Section 1983 because a violation of Jimmy Ferrer's constitutional rights may not be asserted by a third party. Mot. at 13–14. In their Opposition, Plaintiffs clarify that they are not alleging a violation of Jimmy Ferrer's Fourth Amendment rights and are instead claiming that the County deprived them of their Fourteenth Amendment rights to companionship. Opp'n at 7.

To the extent that Plaintiffs are bringing their Section 1983 claim for a personal violation of their Fourteenth Amendment rights, the Court finds they are permitted to do so. It is well-established in the Ninth Circuit "that parents can challenge under section 1983 a state's severance of a parent-child relationship as interfering with their liberty interests in the companionship and society of their children." *Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987), overruled on other grounds by *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999). In addition, children of a decedent are also entitled to assert "a substantive due process claim based on their loss of [] companionship." *Id.*

The Court finds that Kayla Ferrer and Rodriguez may bring a Section 1983 claim based on their loss of companionship shared with Jimmy Ferrer. The Court next considers whether Plaintiffs have alleged sufficient facts to support their claim.

/ / /

ii.   <u>Plaintiffs have adequately alleged a violation of their constitutional rights.</u>

First, the Court finds that Plaintiffs have adequately pleaded the first element under *Monell*: that they were deprived of their constitutional right to companionship under the Fourteenth Amendment. TAC ¶¶ 43, 44. Furthermore, the Court finds that Plaintiffs have alleged that the Deputies "were acting under the color of law." TAC ¶ 45. Defendants do not dispute this. As such, the Court proceeds to assess whether Plaintiffs have met the second and third elements under *Monell*.

iii.   <u>Plaintiffs have failed to allege a custom or policy which amounts to deliberate indifference of their constitutional rights.</u>

The second inquiry under *Monell* is the existence of customs and policies that amount to deliberate indifference. The County argues that Plaintiffs have failed to plead sufficient facts in satisfaction of *Twombly* and *Iqbal*. Mot. at 14–15. Plaintiffs argue that they have. Opp'n at 8–10.

Plaintiffs provide the following factual allegations pertaining to the existence of customs and policies:

46. While engaged in the aforementioned conduct, DEFENDANTS and/or DOES 1-50, and each of them, were acting under the color of law of a statute, ordinance, regulation, custom, or practice that regulates or governs DEFENDANTS and their employees.

48. DEFENDANTS and/or DOES 1-50, and each of them, breached their duty of care owed to DECEDENT by failing to manage, supervise, review, investigate and monitor DEFENDANTS UNKNOWN SAN BERNARDINO COUNTY DEPUTY SHERIFFS' field conduct, behavior, activities, and psychological profile. DEFENDANTS failings were in direct violation of DECEDENTS' substantive rights under the United States Constitution.

TAC ¶¶ 46, 48.

They fail to identify any specific customs or policies.

The Court does not reach the third element of *Monell* liability, but notes that in addition to pleading a specific custom, policy, or practice, the Plaintiffs need to plead sufficient facts to allege that the identified custom, policy, or practice was a moving force. Although they point to a single incident of unconstitutional activity against Jimmy Ferrer, it appears they do not allege how the Deputies' conduct is attributable to a wider County policy.

For these reasons, the Court GRANTS the Motion as it relates to the Third Cause of Action. If Plaintiffs wish to still pursue this claim, they are advised to address the deficiencies cited above in a Fourth Amended Complaint.

### E. Plaintiffs' Fourth Cause of Action—for violation of the Ralph Act—is inadequately pleaded.

#### i. Kayla Ferrer and Rodriguez may not individually bring a cause of action under the Ralph Act.

Defendants argue that Plaintiffs' Fourth Cause of Action must be dismissed as to Rodriguez and Kayla Ferrer, individually. Mot. at 21. Plaintiffs concede this point and maintain that Kayla Ferrer may still bring a Ralph Act claim, as a successor in interest to the Estate of Jimmy Ferrer. Opp'n at 14–15.

Under the Ralph Act, "all persons within the jurisdiction of [California] have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any [listed] characteristic." CAL. CIV. CODE § 51.7(b)(1). "That section provides, inter alia, that all persons have the right to be free from any violence, intimidation or threat thereof 'committed against their persons' because of race, religion, sex or sexual orientation. The unambiguous language of this section gives rise to a cause of action in favor of a person against whom violence or intimidation has been committed or threatened." *Coon v. Joseph*, 237 Cal. Rptr. 873, 878 (Ct. App. 1987)

The TAC establishes that no "violence or intimidation" was "committed or threatened" against Kayla Ferrer and Rodriguez individually and "thus no cause of action exists in [their] own right." *See id.* The Court finds—and Plaintiffs do not dispute—that the statute does not provide a remedy for third parties, such as Kayla Ferrer and Rodriguez, who did not themselves experience harm.

For these reasons, the Court GRANTS the Motion WITHOUT LEAVE TO AMEND, as it relates to the Ralph Act claims brought by Kayla Ferrer and Rodriguez, individually. The Court will proceed to consider whether Kayla Ferrer has adequately alleged a Ralph Act claim on behalf of the Estate of Jimmy Ferrer.

ii.  <u>Kayla Ferrer, on behalf of the estate of Jimmy Ferrer, fails to plead sufficient facts in support of her claim.</u>

The County argues that Kayla Ferrer fails to plead sufficient facts to establish that Jimmy Ferrer was subjected to violence or intimidation by threat of violence due to his race. Mot. at 20. Plaintiffs allege that they have. Opp'n at 13.

To prevail on a claim under the Ralph Act, a plaintiff must establish: (1) that the defendant threatened or committed violent acts against the plaintiff or his property; (2) that a motivating reason for the defendant's conduct was his perception of plaintiff's protected characteristic; (3) that the plaintiff was harmed; and (4) that the defendant's conduct was a substantial factor in causing the plaintiff harm. *Austin B. v. Escondido Union Sch. Dist.*, 57 Cal. Rptr. 3d 454, 470 (Ct. App. 2007). California Civil Code section 51(e)(5) identifies "race, color" among protected characteristics. The County's Motion focuses on Kayla Ferrer's failure to plead the second element of the Ralph Act.

The TAC states the following factual allegations in support of the Ralph Act claim:

67. DEFENDANTS UNKNOWN DEPUTY SHERIFFS and DOES 1-50 and each of them, specifically deprived DECEENT of his life because of their acts of violence which were related to his race and national origin. Those acts of violence would not have occurred if DECEDENT were not a member of a minority. Their behavior was in violation of the Ralph Act Civil Code §51.7.

70. While engaged in the aforementioned conduct, DEFENDANTS and/or DOES 1-50, and each of them, were acting under the color of law of a statute, ordinance, regulation, custom, or practice that regulates or governs DEFENDANTS and their employees who were engaging in acts of violence because of DECEDENT'S race and national origin.

TAC ¶¶ 67, 70.

The Court finds that the TAC is devoid of sufficient factual allegations to establish that the Deputies engaged in violence or intimidation based on Jimmy Ferrer's race. In their Opposition, Plaintiffs argue that the two aforementioned allegations are sufficient to establish their claim at this stage of the pleadings. Opp'n at 13. The Plaintiffs rely on *Shirazi v. Oweis*, 2022 WL 445763 (N.D. Cal. Feb. 14, 2022), which states that absent any further discovery, it would be difficult for Plaintiffs to allege the specific racial animus involved. *Id.* at *7.

The County has not provided—and the Court has not identified—any binding precedent on the sufficiency of racial discrimination allegations at the pleading stage. The Court finds *Shirazi* persuasive and finds that Plaintiffs' allegations would be sufficient, if not for a contradicting

allegation that "[i]t is unknown why lethal force was used by [Deputies]." TAC ¶ 15. This allegation undermines Plaintiffs argument that Jimmy Ferrer's race was the reason for the Deputies' conduct.

For these reasons, the Court GRANTS the Motion as it relates to the Fourth Cause of Action. If Plaintiffs wish to still pursue this claim, they are advised to address the deficiencies cited above in a Fourth Amended Complaint.

### F. The Court grants Plaintiffs leave to amend.

The County argues that dismissal without leave to amend is warranted because Plaintiffs have already "engaged in three attempts at amendment." Mot. at 22. Plaintiffs respond that, given the lenient standard to amend and their attempts to amend the complaints in good faith, they should be given granted leave to amend the TAC. Opp'n at 16–17.

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave [to amend a pleading] when justice so requires." The Ninth Circuit has held that amendments should be granted with "extreme liberality" in order to "facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Accordingly, the burden of persuading the court that leave should not be granted rests with the party urging that position. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

While the Court acknowledges that Plaintiffs have had multiple opportunities to amend their complaint, the Court has not yet had an opportunity to make a judicial determination as to the sufficiency of the allegations. In each of the cases that the County cites, the district court had previously opined on why the prior complaints were deficient before finally dismissing the claims without leave to amend. *See* Mot. at 22–23.

For these reasons, the Court grants Kayla Ferrer and Rodriguez leave to amend the First and Third Causes of Action and grants only Kayla Ferrer leave to amend the Second and Fourth Causes of Action. The Court urges Plaintiffs to closely review this Court's determination of the sufficiency of the allegations, thoroughly consider any arguments raised by the Defendants in the good faith meet and confer, and draft a Fourth Amendment Complaint that addresses these deficiencies. Plaintiffs are advised that if the deficiencies noted above are not addressed in a Fourth Amended

Complaint, the Court may not provide a fifth opportunity to assert their claims given that it may then appear to the Court that given so many attempts, future attempts would be futile.

**V.       Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED. The Court ORDERS as follows:

1.   The Motion is GRANTED as to the First Cause of Action brought by Kayla Ferrer and Rodriguez WITH LEAVE TO AMEND;

2.   The Motion is GRANTED as to the Second Cause of Action brought by Kayla Ferrer as a successor-in-interest to the Estate of Jimmy Ferrer WITH LEAVE TO AMEND;

3.   The Motion is GRANTED as to the Third Cause of Action brought by Kayla Ferrer and Rodriguez WITH LEAVE TO AMEND;

4.   The Motion is GRANTED as to the Fourth Cause of Action brought by Kayla Ferrer and Rodriguez, individually, WITHOUT LEAVE TO AMEND;

5.   The Motion is GRANTED as to the Fourth Cause of Action brought by Kayla Ferrer as a successor-in-interest to the Estate of Jimmy Ferrer WITH LEAVE TO AMEND;

6.   Plaintiffs are ORDERED to file a Fourth Amended Complaint within thirty (30) days of the date of this Order if they still desire to pursue any of the claims being dismissed with leave to amend.


IT IS SO ORDERED.


Dated: February 24, 2023

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge