O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE RODRIGUEZ, KAYLA FERRER, and THE ESTATE OF JIMMY RAY ROBERT FERRER, by and through its successor in interest, JEANNE RODRIGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a public entity, DEPUTY SHERIFF JOHN GREGORYAND DEPUTY SHERIFF JOSHUA LAUBE, individuals, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 5:21-cv-01471-MEMF (SHKx)<br><br>**ORDER GRANTING MOTION TO DISMISS COUNTY FROM THIRD CAUSE OF ACTION IN FIFTH AMENDED COMPLAINT [ECF NO. 64]** |

Before the Court is the Motion to Dismiss the Third Cause of Action in the Fifth Amendment Complaint, filed by Defendant County of San Bernardino. ECF No. 64. For the reasons stated herein, the Court GRANTS the Motion.

/ / /

/ / /

1

## I. Factual Background[1]

On August 17, 2020, Jimmy Ray Robert Ferrer ("Jimmy Ferrer"), was confronted by San Bernardino County Deputy Sheriffs ("Deputies"). 5AC ¶ 7. During this encounter, Jimmy Ferrer used a spray device against one or more of the Deputies but "in no other way presented any danger of lethal force." *Id.* In response, one or more of the Deputies, specifically Deputy John Gregory or Joshua Laube, shot Jimmy Ferrer multiple times, causing his death. *Id.* Plaintiff Jeanne Rodriguez ("Rodriguez") is the mother of decedent Jimmy Ferrer and Plaintiff Kayla Ferrer ("Kayla Ferrer") is the daughter of decedent. *Id.* ¶¶ 45–46. Rodriguez brings this action on behalf of herself; Kayla Ferrer brings this action on behalf of herself and as successor-in-interest to her father. 5AC ¶ 6.

## II. Procedural History

Plaintiffs Rodriguez and Kayla Ferrer (collectively, "Plaintiffs") filed this action on August 27, 2021 against Defendants County of San Bernardino (the "County"), Deputy John Gregory and Deputy Joshua Laube and Does 1 to 50 (collectively, "Defendants"). *See generally* ECF Nos. 1, 50–51 (Doe Amendments), 64 (5AC).

On June 8, 2022, Plaintiffs filed an Amended Complaint. ECF No. 19. On June 23, 2022, Plaintiffs filed a Second Amended Complaint ("SAC") and retroactively obtained the Court's permission to do so on July 25, 2022. ECF Nos. 22 (SAC), 28 (Order Granting Joint Stipulation to File SAC). On August 9, 2022, the parties stipulated to for an extension of time to file a Third Amended Complaint ("TAC"), which the Court granted. ECF Nos. 29 (Stipulation to File TAC); 30 (Order Granting Joint Stipulation to File TAC).

On August 22, 2022, Plaintiffs filed the TAC. ECF No. 31. On September 6, 2022, County filed a motion to dismiss the TAC, and that motion was taken under submission. ECF Nos. 31, 36, 37, 39. On February 24, 2023, the Court granted the County's Motion to dismiss. *See* ECF No. 46 ("Order"). With Respect to Plaintiffs' *Monell* claim the Court ruled that: (1) Rodriguez and Kayla Ferrer were proper plaintiffs, (2) Plaintiffs adequately alleged a violation of their constitutional

---

[1] Because the Court is presented with a Motion to Dismiss—where generally the Court is required to accept as true the facts alleged in the Complaint—unless otherwise indicated, the following facts are derived from the Fifth Amended Complaint. ECF No. 57 ("5AC").

2

rights, and (3) Plaintiffs failed to allege a custom or policy which amounts to deliberate indifference of their constitutional rights. Order at 9–10. With respect to custom or policy, the Court noted that the allegations in paragraphs 46 and 48 of the TAC did not identify specific customs or policies. *Id.* at 10. The Court also pointed out that Plaintiffs did not allege "how the Deputies' conduct is attributable to a wider County policy." *Id.*

On March 21, 2023, Plaintiffs filed a Fourth Amended Complaint ("4AC"). ECF No. 49. On March 31, 2023, Plaintiffs filed Doe Amendments, naming individual deputies. ECF Nos. 50, 51. Plaintiffs stylized these documents as "Amendment[s] to [the Fourth] Amended Complaint." *Id.*

On April 7, 2023, the Court ordered Plaintiffs "to file a Fifth Amended Complaint reflecting the changes indicated in ECF Nos. 50 and 51" no later than April 11, 2023. ECF No. 56. On April 10, 2023, Plaintiffs filed the operative Fifth Amended Complaint ("5AC"). ECF No. 57. The 5AC is brought against the same Defendants and alleges the following causes of action: (1) negligence–wrongful death; (2) negligence–survival action; (3) violation of 42 U.S.C. § 1983; and (4) violation of the Ralph Act, Cal. Civ. Code § 51.7. *See generally* 5AC. Plaintiffs made minimal changes to the third claim. *Compare* 5AC ¶¶ 43-68 *with* TAC ¶¶ 39-63. Specifically, Plaintiffs added paragraph 51 where:

> Plaintiff alleges that the COUNTY OF SAN BERNARDINO had a specific custom and policy which showed a history of failing to monitor its deputies in the use of lethal force on multiple other occasions and that it failed, as a matter of custom and policy, to discipline officers who used unjustified and lethal force on multiple occasions. The behavior of the deputies in using excessive force against JIMMY RAY ROBERT FERRER was consistent with the custom and practice and/or policy of the COUNTY OF SAN BERNARDINO on multiple occasions.

5AC ¶ 51. The remaining changes to the third claim span paragraphs 60 through 62, where Plaintiffs added, "PLAINTIFFS thereon allege that said injuries will result in permanent disability to them all to their general damage in an amount that will be stated according to proof pursuant to California Code of Civil Procedure Section 425.10." *Compare* 5AC ¶¶ 59-62 *with* TAC ¶¶ 55-57.[2]

---

[2] The Court compares the differences in the allegations between the Third and Fifth Amended Complaints because the Court's ruling on the first motion to dismiss concerned the Third Amended Complaint. Order at 1.

On April 24, 2023, the County filed the instant Motion to Dismiss Plaintiffs' Fifth Amended Complaint³, specifically challenging the third cause of action. ECF No. 64 ("Motion" or "Mot."). The Motion was fully briefed as of June 16, 2023. *See* ECF No. 68 ("Opposition" or "Opp'n"); ECF No. 70 ("Reply"). Deputies John Gregory and Joshua Laube filed a joint Answer to the 5AC on May 4, 2023, after the County filed this Motion. ECF No. 66.

The Court issued a Tentative Ruling ("Tentative") regarding the County's Motion to Dismiss and, upon review of the Court's Tentative, on August 16, 2023, the Parties filed a Joint Stipulation regarding the Hearing. ECF No. 78. The Parties requested that the Court vacate the hearing because, after reviewing the Tentative and meeting and conferring, the Parties agreed that the third claim should be dismissed without leave to amend as to Defendant County of San Bernadino only. *Id.* ¶¶ 6-8. The Parties requested that the Tentative be modified, specifically limited to the County, and that the third claim remain as to the individual Deputies John Gregory and Joshua Laube. *Id.* ¶ 6. Per the Parties' Joint Stipulation, the Court vacated the August 17, 2023 hearing. ECF No. 79. The Court adopts this modified Tentative as its Final Order on the County's Motion to Dismiss the Fifth Amended Complaint.

**III.   Applicable Law**

    **A.  Standard Governing 12(b)(6) Motions**

Under Federal Rule of Civil Procedure Rule 12(b)(6), a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to "enable defendants to challenge the legal sufficiency of claims asserted in a complaint." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A district court may properly dismiss a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts to support a cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

---

³ While the Motion is titled "Notice of Motion and Motion to Dismiss Plaintiffs' Fifth Amended Complaint," the County only seeks to dismiss the third claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard generally only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than "threadbare recitals of the elements of a cause of action." *Id.* "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824 F.3d at 1159; *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."). This tenet, however, is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

### B. Section 1983 Liability

Section 1983 creates a cause of action against a "person who, under color of any [state law], subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A plaintiff bringing a claim under Section 1983 must show that "(1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id.* (citation omitted).

Pursuant to *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978), and its progeny, municipalities can only be sued under Section 1983 in limited circumstances. To establish *Monell* liability under Section 1983, a plaintiff must sufficiently allege that: "(1) [he was] deprived of [his] constitutional rights by defendants and their employees acting under color of state law; (2) the defendants have customs or policies which amount to deliberate indifference to [his] constitutional rights; and (3) these policies are the moving force behind the constitutional violations." *Lee v. City of Los Angeles*, 250 F.3d 668, 681–82 (9th Cir. 2001). The Ninth Circuit applies a two-part test to determine whether Plaintiffs have sufficiently alleged these elements:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

### C. Leave to Amend

A district court should grant leave to amend freely. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). However, "a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Id.*

## IV.  Discussion

### A. Plaintiffs' Third Cause of Action—under Section 1983—is inadequately pleaded as to the County.

The Court previously granted the County's motion to dismiss because Plaintiffs had failed to identify any specific customs or policies. *See* ECF No. 46 at 10–11. The Court found that paragraphs 46 and 48 in the TAC were on their own insufficient. *Id.* Likewise, while the Court did not reach the third element of *Monell* liability, the Court pointed out that "Plaintiffs need to plead sufficient facts to allege that the identified custom, policy, or practice was a moving force. Although they point to a

1   single incident of unconstitutional activity against Jimmy Ferrer, it appears they do not allege *how*
2   *the Deputies' conduct is attributable to a wider County policy.*" *Id.* at 10 (emphasis added).

3   The County once again seeks to dismiss the third claim. The County cites the Court's prior
4   order in support of its motion. Mot. at 6–7. The County argues that paragraph 51 of the 5AC does
5   not cure the defects identified by the Court because the paragraph fails to identify facts about the
6   specific policy or custom. *Id.* at 6. In addition, the County contends that Plaintiffs do not meet the
7   *Twombly*/*Iqbal* standard and have not alleged any facts showing that any claimed custom or practice
8   of unjustified force actually existed on "multiple occasions." *See* Mot. at 7, quoting *AE ex rel.*
9   *Hernandez*, 666 F.3d at 637. County argues that Plaintiffs' allegations of excessive force and
10  deliberate indifference are conclusory and unsupported by facts, citing paragraphs 51 and 55 of the
11  5AC. *Id.* at 8, *citing Herd v. Cnty. of San Bernardino*, 311 F. Supp. 3d 1157, 1168 (C.D. Cal. 2018),
12  311 F. Supp. at 1168 ("Merely alleging that 'Defendants acted with deliberate indifference' is
13  conclusory and does not show that the alleged deficiencies were 'obvious and the constitutional
14  injury was likely to occur'") and *Maldonado v. Cnty. of Orange*, No. 819CV00883JLSJDE, 2019
15  WL 6139937, at *1 (C.D. Cal. Aug. 29, 2019). County also argues that Plaintiffs cannot point to
16  their own isolated incident to establish an unconstitutional policy, practice or custom, relying on
17  *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989), *overruled on other grounds*
18  *by Bull v. City & Cnty. of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) ("[P]roof of random acts
19  or isolated events are insufficient to establish custom."); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.
20  1996); *Ramirez v. Cnty. of Los Angeles*, 397 F. Supp. 2d 1208, 1228 (C.D. Cal. 2005); and several
21  out-of-circuit cases and out-of-district cases. Mot. at 8–9.

22  Plaintiffs oppose, arguing that the *Monell* claim is sufficiently alleged. Opp'n at 2–5.
23  Plaintiffs, citing *Clouthier v. Cnty. of Contra Costa*, argue a *Monell* claim can be plead in in one of
24  three ways: (1) an official policy or established custom inflicts the constitutional injury; (2) the
25  government entity has a policy of inaction or omission, for example when it fails to implement
26  safeguards to prevent constitutional violations or fails to adequately train its employees, or (3) the
27  individual who committed the constitutional injury was an official with final policy-making
28  authority or such an official ratified a subordinate's unconstitutional decision or action and the basis

for it. Opp'n at 3; 591 F.3d 1232, 1249–50 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). Plaintiffs do not identify which of three ways they are attempting to state a section 1983 claim but appear to be alleging a violation under the first way. *Id.* Plaintiffs argue that the Court identified two deficiencies with the prior operative complaint and contend that their amendments have cured both defects. Opp'n at 3. Plaintiffs rely on *Guevara v. Cnty. of Los Angeles*, No. CV 14-08120 DDP, 2015 WL 224727, at *1 (C.D. Cal. Jan. 15, 2015) to point out that Plaintiffs' alleged facts are not formulaic. Opp'n at 4–5. Plaintiffs further argue that they meet the pleading standard for a *Monell* claim and do not have to identify and specify every instance of excessive force that Defendant's deputies have engaged in to demonstrate a policy of unconstitutional behavior. *Id.* at 5; *Guevara*, 2015 WL 224727, at *2–3 (citing *Starr*, 652 F.3d at 1216 (9th Cir. 2011)). Plaintiffs did not address the County's argument that their excessive force and deliberate indifference allegations are conclusory. *See generally* Opp'n.

In reply, County disagrees that Plaintiffs' new allegations cure the defects identified by the Court. Reply at 2–3. County replies that Plaintiffs have not alleged an unconstitutional custom or policy because it is well settled that merely claiming there *is* a policy and that *it is widespread* as is alleged by Plaintiffs are conclusions and insufficient to withstand a Motion to Dismiss. Reply at. 4. On Plaintiffs' own authority, Plaintiffs Fifth Amended Complaint must still be dismissed because the 5AC does not contain underlying facts. *See* Reply at 6. Finally, County argues that Plaintiffs cannot rely on the facts of their own case to establish a *Monell* "custom" and reiterates that the allegations in paragraph 55 of 5AC are conclusory. Reply at 6–7, 7–8.

While Plaintiffs are correct regarding the principle that there is no heightened pleading standard for section 1983 claims, Plaintiffs must allege more that their own incident and "multiple occasion" to plausibly state a claim of an official policy or established custom. *Starr* involved the sufficiency of a Section 1983 supervisory liability claim for deliberate indifference. *Starr*, 652 F.3d at 1205 (9th Cir. 2011). The Ninth Circuit in *Starr* found that the complaint satisfied Rule 8's pleading standard because the complaint "contain[ed] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" as well "the factual allegations in Starr's complaint plausibly" entitled him to relief. *Id.* at 1216, 1208–12 (reproducing

allegations detailing concrete examples over several years demonstrating a custom). Indeed, the Court found that the allegations were:

> neither "bald" nor "conclusory," and hence . . . entitled to the presumption of truth. *Iqbal*, 129 S.Ct. at 1951. Starr specifically alleges numerous incidents in which inmates in Los Angeles County jails have been killed or injured because of the culpable actions of the subordinates of Sheriff Baca. The complaint specifically alleges that Sheriff Baca was given notice of all of these incidents. It specifically alleges, in addition, that Sheriff Baca was given notice, in several reports, of systematic problems in the county jails under his supervision that have resulted in these deaths and injuries. Finally, it alleges that Sheriff Baca did not take action to protect inmates under his care despite the dangers, created by the actions of his subordinates, of which he had been made aware.

*Id.* at 1216. Here, Plaintiffs have not alleged a policy or custom. Plaintiffs' Section 1983 claim spans paragraphs 43–68. In paragraph 51,

> PLAINTIFF alleges that the COUNTY OF SAN BERNARDINO had a specific custom and policy which showed a history of failing to monitor its deputies in the use of lethal force on multiple other occasions and that it failed, as a matter of custom and policy, to discipline officers who used unjustified and lethal force on multiple occasions. The behavior of the deputies in using excessive force against JIMMY RAY ROBERT FERRER was consistent with the custom and practice and/or policy of the COUNTY OF SAN BERNARDINO on multiple occasions.

5AC ¶ 51. While Plaintiffs mention "custom and policy" throughout paragraph 51, Plaintiffs do not actually identify a "custom and policy." Instead, Plaintiffs allege the County "had a specific custom and policy *which showed a history of failing to monitor its deputies in the use of lethal force on multiple other occasions*." 5AC ¶ 51 (emphasis added). In the same sentence, Plaintiffs allege the County "as a matter of custom and policy, *[failed] to discipline* officers who used unjustified and lethal force on multiple occasions." *Id.* (emphasis added). While these allegations explain what the custom and policy *shows* or *demonstrates*, Plaintiffs have not alleged what the custom or practice *is*. *Guevara*, which Plaintiffs cite, is instructive on what is required to sufficiently plead a policy or practice. There, the plaintiff had alleged that the "County [of Los Angeles] ha[d] a **policy of** 'detaining and/or removing children from their parents . . . .'" *Guevara*, 2015 WL 224727, at *2 (bold emphasis added). There too, the plaintiff had also alleged, the County of Los Angeles had "developed a long standing **practice of** removing children without a warrant . . . ." *Id.* (bold

9

emphasis added). Here, in contrast, Plaintiffs have only alleged the existence of a "policy and custom" but have not alleged facts of what the policy and/or custom is.

Many of the cases County cites are distinguishable. For example, *Ramirez*, 397 F. Supp. 2d 1208, 1228 (C.D. Cal. 2005), addressed the plaintiff's opposition to summary judgment to the section 1983 claim and found that plaintiff had failed to raise a triable issue of material fact. *See also Henderson v. City & Cnty. of San Francisco*, No. C05-234 VRW, 2006 WL 3507944, at *10 (N.D. Cal. Dec. 1, 2006) (granting summary judgment based on *Plaintiffs' evidence*, not on a motion to dismiss). County also cites various other cases that appear to indicate that single- and double-digit instances are insufficient and cites sister circuit decisions. *Pineda,* a Fifth Circuit case, was decided on summary judgment based on the evidence, not the pleadings. *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) ("We are not persuaded that this proof creates a fact issue on the issue of a pattern of conduct. [¶] Eleven incidents each ultimately offering equivocal evidence of compliance with the Fourth Amendment cannot support a pattern of illegality in one of the Nation's largest cities and police forces."); *see also Hamilton v. Rodgers*, 791 F.2d 439, 441 (5th Cir. 1986) (reversing judgment, finding that the *evidence* did not support a finding of section 1983 liability against the Fire Department), *abrogated b*y *Harvey v. Blake*, 913 F.2d 226 (5th Cir. 1990). Likewise, the D.C. Circuit cases that County relies on are distinguishable because they disposed of the section 1983 claims during or after trial based on the evidence and did not address the pleadings. *Carter v. D.C.*, 795 F.2d 116, 125–26 (D.C. Cir. 1986) (affirming district court's grant of directed verdict "on the *Monell*, municipal responsibility claim . . . for want of proof of a persistent, pervasive practice"). Finally, *Washington Mobilization Comm. v. Cullinane*, 566 F.2d 107, 116–21 (D.C. Cir. 1977) is inapposite because that case did not involve a section 1983 claim and instead involved constitutional challenges to the District of Columbia's breach of the peace statute and police line regulation. *Id.* at 111 (reversing judgment requiring "Defendant to formulate and promulgate a manual of policies and procedures for dealing with demonstrations"). "District courts are bound by the law of their own circuit." *Hasbrouck v. Texaco*, Inc., 663 F.2d 930, 933 (9th Cir. 1981) (citation omitted). Of the seven cases that the County cites, only one case was on a motion to dismiss, and that case is not binding on this Court. Mot at 9–10, *see Ramos v. City of Chicago*, 707 F. Supp. 345, 347 (N.D. Ill.

1989) (dismissing *Monell* claim concluding that "alleging six incidents of police brutality over a ten year period in a city as large as Chicago with a police force in excess of 10,000 members is unremarkable, and in no way indicates a policy or custom"). However, despite County's citation to nonbinding cases, Plaintiffs' operative complaint falls short.

Here, it appears that Plaintiffs are attempting, but failing, to state a custom or policy with respect to the use of deadly force against multiple people. *See* 5AC ¶ 51. Plaintiffs cannot use their own incident to establish a custom, and Plaintiffs will need to allege specific sufficient incidents to establish a custom. In order to state a claim based on custom, Plaintiffs must allege facts that demonstrate a custom is "founded upon practices of sufficient *duration, frequency and consistency* that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (emphasis added).[4] Here, Plaintiffs allege "a history of failing to monitor its deputies in the use of lethal force on multiple other occasions" and a failure "to discipline officers who used unjustified and lethal force on multiple occasions" but do not allege specific facts that demonstrate that duration, frequency, and consistency to establish a custom. Accordingly, Plaintiffs custom based *Monell* claim is insufficiently pleaded.

The County also contends that paragraph 55 is conclusory. In paragraph 55, Plaintiffs allege, "DEFENDANTS *failings* amounted to a deliberate indifference to [Jimmy Ferrer's] Constitutional rights because DEFENDANTS had actual or constructive notice that *its failures* were substantially certain to result in a violation of [Jimmy Ferrer's] constitutional rights, but it consciously and deliberately [chose] to disregard the substantial risk of harm." 5AC ¶ 55 (emphasis added). Plaintiffs detail failures in paragraph 53, where Plaintiffs allege that Defendants breached their duty of care by "failing to manage, supervise, review, investigate and monitor" the deputies' "field conduct, behavior, activities, and psychological profile." 5AC ¶ 53. Here, even read in context, these allegations are still conclusory. Plaintiffs' allegations do not explain how the County's failures were "obvious and the constitutional injury was likely to occur." For the reasons explained above, the

---

[4] While the issue of policy or custom was decided on summary judgment, *Trevino* is instructive because it informs litigants of the sorts of descriptors and qualifiers that courts are looking for when looking to see whether there is a custom or policy under *Monell*. *Trevino*, 99 F.3d at 918–20.

Court concludes that Plaintiffs' *Monell* claim is insufficient as to the County only. Since this Motion was brought by the County only, and since the individual Deputies John Gregory and Joshua Laube have already filed a joint Answer, the claim remains as these individual Defendants.

### B. The Court denies Plaintiffs leave to amend.

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave [to amend a pleading] when justice so requires." The Ninth Circuit has held that amendments should be granted with "extreme liberality" in order to "facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). However, leave to amend may be "denied for repeated failure to cure deficiencies by previous amendment." *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

County argues that the Court should not grant Plaintiffs leave to amend because "given the passage of over a year and a half and six reiterations of the same factual allegations, it is abundantly clear that Plaintiffs have nothing else to offer to salvage their defective claims against the County of San Bernardino with respect to the Third Claim." Mot. at 11. County argues that Plaintiffs have had six attempts to state a *Monell* claim. Plaintiffs did not address this argument. *See generally* Opp'n.

The Court was clear in its prior order that if Plaintiffs "wish[ed] to still pursue this claim, they are advised to address the deficiencies cited" in the following complaint. Order at 11. The Court pointed out to Plaintiffs that they had failed to identify any specific customs or policies. *Id.* at 10. Likewise, the Court had noted that Plaintiffs did not allege "how the Deputies' conduct is attributable to a wider County Policy." *Id.* Given Plaintiffs' failure to address the deficiencies, it appears that any amendment would be futile. For these reasons, the leave to amend is DENIED.

/
/
/
/
/
/

## V. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED. The Court ORDERS as follows:

1. The Motion as to the Third Cause of Action brought by Kayla Ferrer and Rodriguez with respect to the County is GRANTED WITHOUT LEAVE TO AMEND; and
2. The County is ordered to file an Answer within fifteen (15) days of the date of this order.

IT IS SO ORDERED.

Dated: August 17, 2023

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge